*610 OPINION of the Court, by
Judge Owst.et.
— This is a» action of detinue, brought by the appellee against the appellant, for two negroes, Ellis and Paul. Pleas non delinet and statute of limitations, and issues thereupon ; verdict and judgment for the negroes, and damages and costs. The appellee derived title from Robert Hall, sen. who was the lawful owner of the ne-groes i* 1863, and on the trial he produced in evi-de*ce an absolute bill of sale, from Robert Hall, sen, for the negroes, bearing date November 23d 1803 ; also a copy of the following article of agreement, of the same date : “ Articles of agreement made and concluded upon between Robert Half, sen. of the one part, and Robert Hall, junior, of the other part, witnessed!: that *611 ja consideration of the said Robert Hall, junior, delivering me three negroes, the property of Robert Hall, sen. in Fayete county, in the state of Kentucky, and if the above Robert Hail, jun. delivers me the said ne-groes, he is to have two of them as his right and property, at the decease of said Robert Hall, sen. &c. Signed by Robert Hall, sen. and Robert Hall, jun. N. B. if said negroes are not delivered as above mentioned, this article and a bill of sale now given, to be void and of none effect.” The appellee also proved he performed the stipulations on his part, and returned the negroes to Robert Hall, sen. in Fayette county, in 1804. That Robert Hall, sen. died in February or March 1806, and this suit was commenced in October 1810.
ting admitted ⅛ evidence tj' "the^otto party having ⅛ ^ produce* ⅛¾” «««given Arm& tbs tr‘al■
bill of ⅛⅛ ⅛ the hands of defaMnce'rad ftipuladon ⅛ oi t0 ⅛ t'_ getber as une
ine convi* tionai defea» *ance having iusPendetl vendee tu take pyiTeffion »a-¡imitation ’ m ■« ⅛⅛ ⅛ e,aa Í!com, ⅞ date of ths bill 0f Me, s>uc the <⅜»⅜ of the reasot,
The first question which occurs as proper for const-deration in deciding this cause is, whether the appellee has shewn such a right to the negroes as will support an aouon ot detinue» A person who has the absolute property in goods and the right to immediate possession may support this action, although he has never had the actual possession — 1 Chitty on Plea, 117. To ascertain the true intent and meaning of the contract between Robert Hail, sen. and the appellee, both the bill of sale and article of agreement should be taken into consideration. They were executed at the same time, with reference to each other, and in relation to the same sub- . i c . , r , ' ; ject, and form essential parts or one entire agreement, By the biliof sale, the absolute right to the negroes seems to be transferred to the appellee ; but by the article of agreement, it appears the appellee s right depended upon the performance of certain stipulations on his part ; and from both taken together, it was evidently the understanding of the parties, at the time of making the agreement, that the appellee should, on the perform-anee of the stipulations in the article on his part, have a . , T.„. 1 , ~ , , . , r r, ‘ . . right to Lilis and raul, to be enjoyed after the decease of Robert Hall, sen. Robert Hals is dead, and the appellee has performed his pert of the agreement. He has therefore acquired the absolute right of property, and the right to the possession.
But it is urged on the part oí the appellant, that a right derived under an executory contract will not support detinue, and it is contended that, the right of the appel-lee is of that description $ and therefore it i* inferred *612 this action cannot be maintained. This position is certainly inadmissible. It is not the mode of contracting, but the right acquired that gives the action. Whether the right is acquired under an executory or executed contract, detinue may be supported. In Shepherd’» Touchstone 224, it is said, if one man sell to another ahorse or any other thing for money or other valuable consideration, and the same thing is to be delivered to the purchaser at a day certain, and by the agreement a day is set for the payment of the money ; or all or part of the money is paid ; or earnest money is given to the seller ; m all these cases there is a good bargain and sale of the thing, to alter the property thereof,' and; the seller may maintain an action for the thing bought. In Noy’s Maxims 88, it is said if one sells his horse for money, he may keep him until he is paid ; yet the property of the horse is by the bargain in the buyer ; but if lie presently tender the money to the Seiler and he.does refuse it, the purchaser may take the horse, or have an’ action for-the detainment. We think therefore the ap-pellee has shewn such a right of property, for which de-tinue may be supported.
Objections were made on the trial of this cause in the court below, to the using of the bill of sale in evidence, unless its execution was proved by some of the subscribing witnesses. From the affidavit of the appellee, filed and made a part of the record, it appears he had made use of due and diligent search for the subscribing witnesses ; that one of them is dead ; that the other cannot be found ; and if alive, is not within this commonwealth. The affidavit of a party in a case circumstanced like the present, is competent to prove the death of the subscribing witnesses, or other circumstances, for the purpose of letting in other evidence of the execution of a writing — 2 Dale 116. The affidavit of the ap-pellee is sufficient for that purpose, and we have no doubt the circuit court decided correctly in overruling the objections to the evidence, and permitting other evidence of the execution of the bill of sale.
Objections were likewise made to using the copy of the article of agreement in evidence, because notice was Dot given to the appellant, in whose possession the original was, before the trial to produce it. There ap-|»§ats to hav» bsea another trial between these parties *613 for the same cause in the Clark circuit court, when the original article was used as evidence ; and that subsequent to the commencement of this action, an order was obtained from the Clark court, for each party to have permission to witbijraw the papers filed in the cause, and to which they were entitled ; that under that order the appellant applied to the clerk of that court, some short time before trial of this cause, and obtained the. article, a copy otwhich was kept by the clerk. It is ia the general true, that when an original instrument is in the hands of a party against whom it is inter! .led to be,given in evidence, no evidence of its conn ms can be received, unless notice has been given to pioduce it. But when notice should be given, must depend on the circumstances attending each particular ease. In die present case, the appellee derived his tule to the ne-groes in question, through the article ; that it of right belonged to him ; that there had been previously a trial between the same parties, in the Clark circuit court, relative to the same subject ; on which trial the article was used as evidence, and consequently the appellant knew it was necessary in the trial of this cause ; that the appellant procured the possession of the article, under an order of the Clark circuit court, authorising each party to withdraw from the office oi that court, the papers to which they were entitled. And although no notice was given the appellant before the commencement of the trial to produce the article, yet notice was given several days before its termination. We cannot say therefore, that the court below erred in overruling the objections of the appellant to the using of the copy of the article, under all the circumstances attending this cause.
The only remaining question which we deem necessary to consider is, the effect of the statute of limitations on this case. The statute does not commence running until the cause of action accrues. From the construction which we have given the contract through which the appellee derives title, his cause of action did not accrue until the death of Robert Hall, sen. Until then he had no right to the possession of the negroes, and consequently could not have maintained this action. Robert Hal!, sen. died in 1806, less than five years pre- *614 vío«s to the commencement of this action the stataf-s therefore cannot bar this action.
Judgment must be affirmed, with costs.